716 F.2d 1208
 Michael Kenneth SMITH, Bambi Lynn Jelks, Bobby D. Smith,
Cindy Jo Smith, Kennis Ann Smith, by and through
her Guardian, Gracie Smith, Heirs-At-Law
of William Kenneth Smith,
Deceased, Appellants,
v.
MISSOURI PACIFIC RAILROAD COMPANY, Appellee.
 No. 82-2057.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1983.
Decided Sept. 15, 1983.
 
 Herschel H. Friday, J. Phillip Malcom, and William M. Griffin, III, Little Rock, Ark., for appellee Missouri Pacific Railroad Co.
 Wright & Chaney, P.A., Arkadelphia, Ark., for appellants.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and WANGELIN,* Senior District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 In this diversity action appellants appeal from a final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict in favor of Missouri Pacific Railroad Co. (MoPac). Appellants are the children of William Kenneth Smith who was killed when a pickup truck which he was driving was struck at a railroad crossing by a MoPac train. For reversal appellants contend that the district court committed several substantial trial errors. We affirm.
 
 
 2
 Smith owned and operated a scrap metal hauling business in Arkadelphia, Arkansas. The collision between Smith's truck and the MoPac train occurred at approximately noon on Sunday, March 2, 1980, at the Third Street railroad crossing in Arkadelphia. The crossing was protected by automatic signal lights and bells. According to one of appellants' witnesses, Smith had used the Third Street crossing at least four times a day, five or six days a week. On the day of the accident, Smith was driving from Arkadelphia to Fordyce, Arkansas, to visit his children.
 
 
 3
 Railroad crew members testified that at the time of the collision the weather was bright and clear, that the crossing was free from obstruction, that the train was traveling at approximately 60 miles per hour, that crew members maintained a lookout, and that crew members activated the train whistle and bell as the train approached the crossing. Mark Norman, the train operator, testified that when the train was in a curve in the tracks, he observed a pickup truck approach the crossing and drive onto the tracks. Norman testified that the driver of the truck did not stop at the crossing and that the driver increased the speed of the truck once on the tracks. When Norman "realized the man was going to try ... to beat [the train] to the crossing," Norman applied the emergency brakes. In addition, Norman testified that he "blasted" the train horn in an attempt to attract the driver's attention. The train fireman and brakeman corroborated Norman's testimony.
 
 
 4
 The police officers who investigated the accident testified that when they arrived at the accident scene the automatic crossing lights were flashing and the bells were ringing. The officers further testified that there were no visual obstructions either for a vehicle at the crossing or for a train on the tracks. MoPac also presented the testimony of two persons who at the time of the accident were attending services at a church located one block from the crossing. The churchgoers stated that shortly before noon they heard the train whistle as it approached the crossing. An elderly woman also testified that she heard the train whistle while she was in her house located near the crossing.
 
 
 5
 Appellants' witnesses testified that when they arrived at the scene of the accident, the crossing was obstructed by parked railroad cars and high grasses.
 
 
 6
 The trial court instructed the jury to decide whether the railroad crossing was abnormally dangerous and if so whether the railroad fulfilled its duty of care to give adequate warnings. In addition, the trial court instructed the jury that Smith was under a duty of care to "keep [his vehicle] under control, keep a lookout and drive at a reasonable rate of speed under the circumstances." The court further instructed the jury that under the Arkansas comparative negligence statute, see Ark.Stat.Ann. Sec. 27-1765 (1979), if Smith's negligence was equal to or exceeded any negligence of the railroad, the jury must find in favor of the railroad. The jury found the issues in favor of the railroad.
 
 
 7
 Appellants first argue that the trial court erred in excluding the testimony of Harold Snow, a supervisor for the Arkansas Highway and Transportation Department. Appellants' offer of proof revealed that Snow would have testified concerning the department's hazard rating formula for railroad crossings. According to Snow, the Third Street crossing had a high numerical hazard rating, which warranted that the crossing be equipped with a short-arm gate and grade separation in addition to the automatic crossing lights and bells. Snow would have offered documentary evidence in support of his testimony. The trial court excluded the evidence because of appellants' failure to include Snow's name in the pretrial submission, in violation of the court's pretrial order. The pretrial order stated that "failure to timely disclose the name of a witness ... will result in that witness not being permitted to testify absent a showing of good cause." In a letter dated July 7, 1982, and addressed to the trial court, appellants' trial counsel asserted that he had failed to comply with the pretrial order because he had never appeared before the trial judge, that he was unaware of the "local directive" requiring timely disclosure, that his law partner William Wright and co-counsel Wayne Williams had failed to "coordinate their efforts," and that Mr. Williams was in the process of closing his law practice.
 
 
 8
 "This court has held that a district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the court's pretrial orders, and such a ruling will be reversed on appeal only for abuse of discretion." Iowa-Mo Enterprises, Inc. v. Avren, 639 F.2d 443, 447 (8th Cir.1981). In this case we find no abuse of discretion in the trial court's exclusion of the evidence. As noted by the trial court, appellants' trial counsel offered Snow as a witness less than one week before trial despite the fact that the litigation was over two years old. Trial counsel's partner Wright and co-counsel Williams filed the complaint on May 19, 1980; trial began on June 14, 1982. Furthermore, we note that co-counsel Williams was present at trial.
 
 
 9
 The trial court indicated that even if counsel had submitted Snow's name in the pretrial submission, the court may not have admitted his testimony. The trial court had reservations about the relevancy of Snow's testimony concerning the hazard rating formula. We believe that as a general rule testimony regarding the hazard rating formula is relevant in establishing whether a railroad crossing is abnormally hazardous. See Brown v. Missouri Pacific R.R., 703 F.2d 1050, 1052 (8th Cir.1983); Shell v. Missouri Pacific R.R., 684 F.2d 537, 539-42 (8th Cir.1982). However, in this case, even assuming timely disclosure of Snow's name as a witness, we would find any error in the exclusion of his testimony to be harmless. In Shell an official of the Arkansas Highway Department testified concerning the hazard rating formula and concluded that on the basis of the numerical rating the crossing at issue was abnormally dangerous and should have been equipped with an automatic short-arm gate. 684 F.2d at 539. Despite this evidence, however, this court found the record evidence sufficient to support the verdict in favor of the railroad. As in the instant case, in Shell there was evidence that at the time of the collision the driver of the vehicle ignored the flashing lights at the crossing and drove onto the railroad tracks in an attempt to "beat" the train.
 
 
 10
 Appellant also asserts that the trial court erred in excluding evidence of Smith's good driving habits, certain photographic and video tape evidence, and in other evidentiary rulings. "The trial judge has broad discretion regarding the admissibility of evidence." Shell v. Missouri Pacific R.R., 684 F.2d at 541. We find no abuse of discretion in the trial court's evidentiary rulings.
 
 
 11
 We have reviewed appellants' other arguments and find no reversible error. Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable H. Kenneth Wangelin, United States Senior District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas